People v Lundy (2025 NY Slip Op 25233)

[*1]

People v Lundy

2025 NY Slip Op 25233

Decided on September 24, 2025

Supreme Court, Kings County

Hecht, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 24, 2025
Supreme Court, Kings County

The People of the State of New York

against
Davaun Lundy, Defendant.

Indictment No. 76135-2022

ADA Chelsea Toder, Kings County District Attorney's Office
Lawrence J. Fredella, Esq.

John T. Hecht, J.

Defendant Davaun Lundy is charged with Murder in the Second Degree in connection with an alleged shooting death that took place on July 12, 2022, in the vicinity of 186 Boyland Street in Brooklyn. At the time of defendant's arrest on November 7, 2022, the police recovered two cell phones from him.
Defendant now moves to controvert a search warrant for data obtained through location-based services ("LBS"), geolocation data, electronic data (including deleted information), such as wire and electronic communications, voice and text messages, video and instant messages, phone numbers, call and text history (including metadata), calendar contents, social media data, and data related to the ownership and possession of the two phones.
In support of his motion, defendant argues that the police waited an unreasonably long time before applying for the instant warrant to search the phones, that the warrant was not supported by probable cause, and that it was overbroad and lacked specificity. The People oppose. Among other materials, the court has reviewed unredacted copies of the search warrant, the transcript of the underlying application, and the affidavit of Detective Michael Fung.
Unreasonable Delay
As observed by the United States Court of Appeals for the Second Circuit, when the police seize a suspect's personal property pursuant to probable cause, the Fourth Amendment requires that they act diligently in applying for a search warrant (United States v Smith, 967 F3d 198, 202 [2d Cir 2020]; see also People v Magee, 135 AD3d 1176, 1180 [3d Dept 2016]).
To determine whether a delay in applying for a search warrant is reasonable, courts must "balance the nature and quality of the intrusion on the individual's Fourth Amendment rights against the government interest alleged to justify the intrusion" (United States v Corbett, US Dist Ct, ED NY, 2021 WL 4480626, *3 [2021] quoting United States v Place, 462 US 696, 703 [1983]).
In Smith, the court identified four generally relevant considerations to be taken into account in evaluating the reasonableness of any delay in obtaining a warrant to search seized property: (1) the length of the delay; (2) the importance of the seized property to the defendant; (3) whether the defendant has a reduced property interest in the seized property; and (4) the [*2]strength of the government's justification for the delay (Smith, 967 F3d at 206).
Applying these factors to the instant case, this court finds that although the length of the delay in seeking the instant search warrant for the defendant's two cell phones was unreasonable, there was no constitutional violation. Under these circumstances the exclusionary rule does not apply, and suppression is not warranted.
Here, over thirty-two months elapsed between November 7, 2022, when the defendant was arrested and his phones seized, and July 10, 2025, when the People applied for the search warrant at issue. Given the Second Circuit's finding in Smith that even a month-long delay between seizure of property and the application for a search warrant was unreasonable, this court concludes that the nearly three-year delay here was unreasonable.
It is made even more so, however, by the fact that on September 29, 2022, before the defendant's arrest, the People obtained a search warrant for a phone number (347-xxx-xxxx) and email address ([email protected]) connected to the defendant and shortly thereafter learned that the possessor of a cell phone bearing this phone number, whom investigators suspected was the defendant, had been near the scene of the crime at the time of the shooting.
The People fail to explain why, having this critical information, along with video surveillance depicting the alleged shooter using a cell phone shortly after the homicide, they waited nearly three more years to apply for the instant warrant, which they believed would yield more precise location data, evidence of communications related to the homicide, and further proof of defendant's identity as the shooter.
In the absence of any justification, the People's delay in seeking this evidence is unreasonable and the first factor is weighted against them.
Regarding the importance of the seized property to the defendant, however, this court finds that this factor weighs in favor of issuance of the search warrant.
This court recognizes that special concerns are implicated by the search and seizure of personal devices, such as a cell phone, due to the immense amount of personal data that is stored on such devices (see Smith, 967 F3d at 207-08).
Defendant, however, has provided no evidence that the subject phones were uniquely important to him. He does not claim, for example, that after his arrest and incarceration, he requested the phones be returned to him or turned over to a family member (id. at 208).
More importantly, defendant has been incarcerated pending trial since his arrest in November 2022. His continued inability to use or possess his cell phones while incarcerated significantly diminishes the importance of their prompt return (Corbett, 2021 WL 4480626 at *5).
For this reason, factor two weighs in favor of the People.
As to the third factor, the Court in Smith observed that an individual has a diminished interest in his seized property where law enforcement has probable cause to believe that the property contains evidence of criminality (Smith, 967 F3d at 208-09).
Defendant advances one specific challenge to the probable cause for the cell phone search warrant, contending that Detective Fung's affidavit failed to establish a sufficient nexus between the two cell phones seized from the defendant at the time of his arrest and the homicide. He claims, in other words, that the search warrant is based, not on probable cause, but on mere speculation that at the time of the homicide, the defendant was in possession of one or both cell phones.
This court disagrees and, as explained in detail below, finds that the warrant application [*3]was supported by ample probable cause to search both cell phones for electronic data, including location data, communications, and evidence of ownership. 
Relatedly, though, and in addition to the existence of probable cause, an important factor that cuts against defendant's interest in the subject phones is the nature of Detective Fung's investigation. The alleged crime is serious. It involves the alleged murder of an individual with a firearm at the victim's place of residence and a suspect who evaded apprehension for several months (see United States v Green, US Dist Ct, WD NY, 2021 WL 1877236, *6 [2021]).
Taken together, these circumstances weigh heavily in favor of law enforcement's interest in seizing and retaining the cell phones and against defendant's continued property interests in those devices.
Finally, as to the People's justification for the delay in obtaining a warrant for defendant's cell phones, this court finds that this factor does not weigh for or against either party.
Here, the People offer no justification for Detective Fung's delay in obtaining the instant cell phone warrant. Notably, though, the delay in obtaining the search warrant did not postpone or defer the prosecution, nor has it delayed this case from proceeding to suppression hearings and trial.
Clearly, the People did not need any of the evidence that was discovered within defendant's phones pursuant to the instant warrant to arrest or indict him. He was identified independently of any evidence that this warrant yielded. The contents of defendant's phones, to the extent that they possess any evidentiary value, may serve as additional support for charges which are already pending and the product of probable cause. Defendant has not been forced to wait three years for investigators to search his phone and build a case against him (id. at *8).
Consequently, weighed against the People's lack of explanation for the delay, this court finds that the fourth factor is neutral.
After considering all four factors, this court finds that the balance tips in favor of the conclusion that the delay in seeking the cell phone warrant did not amount to a constitutional violation.
This court further finds that, even if the delay had amounted to a Fourth Amendment violation, there is no basis to apply the exclusionary rule because there is no evidence that the police acted "deliberately, recklessly, or with gross negligence," or that the purported constitutional violation is "the product of recurring or systemic negligence," (Smith, 967 F3d at 211 citing to Davis v United States, 564 US 229, 236-40 [2011]).
For these reasons, suppression is denied.

Probable Cause
In challenging the probable cause for the cell phone warrant, defendant argues that nothing in the warrant application specifically demonstrates that he was in possession of one or both of the two subject phones at or near the time of the crime, and that without such proof, it is improbable that evidence related to the investigation would be recovered from either phone.
"To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Suarez, 234 AD3d 797 [2d Dept 2025]).
Here, it was reasonable for Detective Fung to believe that defendant possessed the subject phones at the time of the homicide and that a search of those phones for evidence of their ownership, their telephone numbers, communications regarding the homicide, and information about their, and by extension, defendant's, whereabouts would yield evidence related to the [*4]crime.
In this court's view, a sufficient nexus between the subject phones and the homicide is made out by the following: the suspected shooter is observed on video surveillance shortly before the homicide leaving his Bronx home with a cell phone in hand and is seen again shortly after the homicide looking at a cell phone. Defendant is arrested in possession of two cell phones.
There is veritably no question, in other words, that the perpetrator was in possession of at least one cell phone at the time of the homicide. His possession of at least one cell phone at the time of the crime is further corroborated by historical cell-site data gleaned from a search of defendant's phone number that puts him at the scene of the crime. Together, these facts more than satisfy the requirements of probable cause and provide the necessary basis for Detective Fung's search of the subject cell phones for electronic communications, location data, and information about its ownership and possession.
Defendant's possession of not one but two cell phones at the time of arrest shows that he, like most people, and perhaps even more than most, is committed to the near constant possession and use of cellular devices, consistent with the view of the United States Supreme Court and New York Court of Appeals that in today's world cell phones are ubiquitous and have become an "important feature of human anatomy" (Riley v California, 573 US 373, 385 [2014]; see also People v Weaver, 12 NY3d 433 [2009]; People v Gaynor, 82 Misc 3d 422, 424-25 [Sup Ct Kings County 2023]). 
His possession of two cell phones also supports the inference that at least one was maintained for purposes other than lawful and legitimate personal use and was being used for the concealment of unlawful communications, rendering both incriminatory.
Under all these circumstances, therefore, this court finds that the requirements of probable cause were met. 

Particularity and Overbreadth
Defendant contends that the warrant lacks particularity and is overbroad. He argues that the warrant is defective because it fails to adequately specify the data to search for and its relation to the alleged crime, and it contains inadequate restrictions for searching the phones.
As the Second Circuit has observed, sufficiently particularized warrants (1) identify the specific offenses for which the police have established probable cause, (2) describe the places to be searched, and (3) specify the items to be seized by their relation to the designated crimes (United States v Galpin, 720 F 3d 436, 445-46 [2d Cir 2013]).
A warrant that comports with the particularity requirement, however, may nevertheless be overbroad where the "description of the objects to be seized . . . is broader than can be justified by the probable cause upon which the warrant is based (id. at 446 citing 2 Wayne R. LaFave, Search and Seizure § 4.6(a) [5th ed 2012]).
Here, the search warrant was sufficiently particularized insofar as it specifically identified the offense for which the police had probable cause (second-degree murder), and the places to be searched and the items to be seized in relation to the crime (LBS data, geolocation data, electronic data, such as wire communications, voice and text messages, video and instant messages, phone numbers, call and text history, calendar contents, social media data, and data related to the ownership of the phones, such as phone numbers), all of which the search warrant application clearly and plainly identified as being necessary and relevant to the investigation of the July 12, 2022, shooting.
Defendant's contention that the search warrant permitted law enforcement access to all, or nearly all, the contents of the cell phones is incorrect.
With respect to data related to the ownership and possession of the phones, for example, the search warrant was specifically limited to information such as the cell phone numbers, IMEI numbers, contact information, and any other information related to the ownership and possession of the phones. Additionally, the search warrant's authorization for any data related to the ownership and possession of the phones from inception to November 7, 2022, the day of defendant's arrest, was not overbroad, as it was limited to information that would corroborate defendant's connection to the phones.
Similarly, the issuing magistrate limited the scope of information in the second category of data investigators sought, which included electronic communications and geolocation data, by withholding law enforcement's ability to search for any financial information within the target phones. 
Furthermore, the search warrant's authorization for electronic communications and location data from July 11, 2022, though July 13, 2022, was not overbroad, as it was close in time to the homicide, and it was reasonable for investigators to track this information, especially given defendant's apparent evasion of law enforcement for nearly four months after the alleged incident.
Moreover, the search for location data was limited to only three days. Given its short duration, the search might not even have been subject to the warrant requirement (see Carpenter v United States, 585 US 296 [2018] [holding that accessing at least seven days or more of a person's historical cell location records constitutes a "search under the Fourth Amendment] [emphasis added]).
For these reasons, defendant's motion to controvert the search warrant is denied.
The parties are ordered to be ready for hearings as scheduled on September 29, 2025.
The foregoing constitutes the decision and order of the court.
Dated: September 24, 2025
Brooklyn, NY
JOHN T. HECHT, A.J.S.C.